IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 28 P 3: 07
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ORIX FINANCIAL SERVICES, INC., a New York corporation, | |
| Plaintiff, | |
| V. | CASE NO. CV-05- 2:05CV1233 C |
| EARNEST CHAPMAN, individually and d/b/a EARNEST CHAPMAN LOGGING, | |
| Defendant. | |

**COMPLAINT AND REQUEST FOR PREJUDGMENT
SEIZURE , AND OTHER EMERGENCY RELIEF**

COMES NOW the Plaintiff, ORIX FINANCIAL SERVICES, INC. (hereinafter "ORIX"), and files this complaint showing the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the instant proceeding and the parties pursuant to 28 U.S.C. §1332.

2. The amount in controversy exceeds $75,000.00.

3. There is the requisite diversity between the parties.

4. Venue is proper in that the residence and citizenship of the Plaintiff, Orix Financial Services, Inc., is Kennesaw, Georgia and Defendant, Earnest Chapman, is Coosa County, Alabama.

### PARTIES

5. ORIX is a New York corporation, with offices in Kennesaw, Georgia.

6. Defendant Earnest Chapman is over the age of 19 years and a resident/citizen of Coosa County, Alabama.

## STATEMENT OF THE FACTS

7. Defendant Earnest Chapman signed a document entitled security agreement/conditional sales contract note June 22, 1999, with Tractor & Equipment Company and said document was assigned to ORIX June 22, 1999. A copy of the agreement is attached hereto as **Exhibit "A"** and a copy of the assignment is attached hereto as **Exhibit "B"**. Also, ORIX perfected its security interest with a financing statement filed with the Office of the Alabama Secretary of State. A copy of the financing statement is attached hereto as **Exhibit "C"**.

8. Defendant has repeatedly failed or refused to pay according to the terms and conditions of the conditional sales agreement/contract and security agreement and it is in default.

9. Under the above-referenced conditional sales agreement/contract and security agreement, ORIX holds a valid and perfected security interest in the following equipment ("Equipment"):

**500-10655    One (1) Komatsu D65E-12 Dozer, S/N J10101**

10. Defendant is in possession of the above-referenced Equipment and it is believed that the Defendant continues to use this Equipment in furtherance of his business.

11. Pursuant to the terms and conditions of the conditional sales agreement/contract and security agreement, Defendant is in default. The security agreement provides that upon the occurrence of default, as that term is defined in the agreement, Defendant shall return the Equipment or that ORIX would be entitled to take possession of the Equipment.

12. Plaintiff has made numerous demands to Defendant to surrender the above-referenced Equipment.

13. Defendant has failed or refused to surrender the above referenced Equipment.

14. Defendant has previously threatened an agent (Larry Bosley) of ORIX with a weapon and threatened to cut off his "fucking head". Family members were able to persuade the Defendant to put the knife away. A police report was filed with the Goodwater Police Department. The Defendant further represented that he would either hide or destroy the equipment and that ORIX would never see the equipment again.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT, ORIX 500-10655)

15. The Plaintiff moves to incorporate by reference the averments contained in paragraphs 1 through 14.

16. The balance on the Loan # 500-10655 as of December 7, 2005 is approximately $185,000.00. The Defendant is more than thirty-six months in arrears.

17. The Defendant has failed or refused to pay same and said Agreement is in default.

18. In accordance with the conditional sales agreement/contract the entire amount is due and payable in full.

WHEREFORE, the Plaintiff demands a judgment against Defendant in an amount to be determined, together with interest, costs, attorney fees, and for such other and further relief as this court deems just and appropriate.

## SECOND CAUSE OF ACTION
### (POSSESSION OF SECURED COLLATERAL, ORIX 500-10655)

19. The Plaintiff moves to incorporate by reference the averments contained in paragraphs 1 through 14.

20. Defendant has failed or refused to pay according to the terms and conditions specified in the conditional sales agreement/contract and security agreement and is therefore in default.

21. Plaintiff claims a valid and perfected security interest in One (1) Komatsu D65E-12 Dozer, S/N J10101.

22. Defendant has breached the above-mentioned conditional sales agreement/contract and security agreement and ORIX is entitled to immediate possession of the collateral thereof.

WHEREFORE the Plaintiff, ORIX, requests an order for immediate possession of said collateral.

### THIRD CAUSE OF ACTION
### (CONVERSION)

23. The Plaintiff moves to incorporate by reference the averments contained in paragraphs 1 through 14.

24. Plaintiff has demanded that possession of the Equipment be delivered to Plaintiff, but Defendant has refused and continues to refuse to deliver possession thereof to Plaintiff. Further, Plaintiff demands possession again, through this Complaint.

25. As a result of Defendant's failure to surrender the Equipment to Plaintiff and by reason of his continued wrongful possession thereof, Plaintiff has suffered actual damages equal to the fair market value of the Equipment plus interest.

WHEREFORE, Plaintiff is entitled to damages equal to the actual value of the Equipment, plus interest from the time of default.

### FOURTH CAUSE OF ACTION
### (DAMAGES FOR USE AND RETENTION)

26. The Plaintiff moves to incorporate by reference the averments contained in paragraphs 1 through 14.

27. As a result of Defendant's failure to surrender the Equipment to Plaintiff and by reason of his continued wrongful possession thereof, Plaintiff has suffered actual damages equal to the amounts due to Plaintiff under the conditional sales agreement/contract and security agreement from the date of the Default, plus the fair market rental value of the Equipment.

28. Upon information and belief, it is averred that the Defendant continues to use the above referenced Equipment and refuses to deliver up possession after demand.

WHEREFORE, the Plaintiff requests compensatory damages, in an amount of to be determined, for use of the Equipment and for diminution in value of the Equipment after the Plaintiff's notice of default and request to surrender.

## FIFTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

29. The Plaintiff moves to incorporate by reference the averments contained in paragraphs 1 through 14.

30. Defendant has had the use and possession of the Equipment from date of default without making payments thereof for his possession and use.

31. Defendant has been unjustly enriched in an amount equal to the value of the payments due under the conditional sales agreement/contract and security agreement, from the date of the default, plus any income Defendant has received due to the possession and use of the Equipment from the date of the default.

WHEREFORE, Plaintiff demands judgment against Defendant Earnest Chapman in an amount to be determined, plus any income Defendant has received due to the possession and use of the Equipment following the default.

## PREJUDGMENT SEIZURE
## (FED. R. CIV. P. R. 64)

32. The Plaintiff moves to incorporate by reference the averments contained in paragraphs 1 through 14.

33. Demand has been made to Earnest Chapman for possession of the Equipment.

34. During an attempt to lawfully repossess the Equipment, an agent of Orix Financial Services, Inc., was threatened by Earnest Chapman with a knife.

35. There is an imminent and significant risk of wear, possible intentional damage/destruction requiring immediate possession. This equipment is readily moveable and can be easily sold and transferred to other locations.

36. Finally, it is the belief of Orix Financial Services, Inc., that the above collateral may no longer be insured.

37. The Plaintiff is also requesting a court order for prejudgment seizure. The Plaintiff is prepared to file a bond in the event a writ is ordered without hearing or the Plaintiff will submit evidence on the requested prejudgment seizure at the court's first opportunity.

Respectfully submitted December 27, 2005.

Memory Day & Azar

By: /s/ William D. Azar
William D. Azar
ASB-3731-Z59W

Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Orix Financial Services, Inc.

OF COUNSEL

Memory Day & Azar
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com