Exhibit "B"

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sells, assigns, and transfers to ORIX Credit Alliance, Inc. (herein called "OCAI"), it successors and assigns, WITHOUT RECOURSE, except for breach of any agreement and/or warranty hereinafter set forth, the annexed conditional sale contract and/or lease and/or chattel mortgage (herein called "contract") dated _____ June 22, 1999 _____ between _____ Tractor & Equipment Company _____ as Seller/Lessor/Mortgagee, and _____ Earnest Chapman dba Earnest Chapman Logging _____ as Buyer/Lessee/Mortgagor (herein called "Obligor"), together with the sums payable thereunder and our security interest in and to the property therein described (the "Property"), and all notes, contracts of guaranty or surety, and collateral of any kind or nature which we have pertaining thereto, and all rights, remedies and powers relating thereto, with good right in OCAI to collect and discharge the same.

We represent warrant and agree as to said contract: It is a valid obligation arising out of a bona fide installment sale or lease or mortgage of the Property to Obligor in the ordinary course of business, it contains or describes the entire agreement and all instruments made or given in connection with such sale, lease, loan or mortgage; no representations, warranties or inducements not contained in the contract have been made or given; it creates a first security interest and/or first lien upon the Property; it and the Property are free of any liens, claims encumbrances, defenses, offsets and counterclaims, real or claimed; we have remitted to the appropriate taxing authorities all sales, use or other taxes applicable to the transaction described in the contract or have received from the Obligor and delivered to OCAI all appropriate evidences of exemption from such taxes; all data furnished to OCAI and all statements made and unpaid balances shown in the contract are and will be true and correct, and the signatures thereon are the genuine signatures of persons having capacity to so contract; it is and will be enforceable against all parties thereto in accordance with its terms; we have complied, and it complies, with all applicable Federal, State and Municipal laws, rules or regulations having the force of law regarding conditional sale contracts, security agreements, leases, loans, chattel mortgages and installment paper; it has been properly and timely filed or recorded; the Property has been delivered, accepted, installed, and insured and we will fulfill our obligation to Obligor with respect thereto; and there is still unpaid and owing thereon the sum total of the unmatured installments stipulated in and evidenced by the contract. We further represent, warrant and agree that OCAI has a valid and enforceable first security interest and/or first lien on the Property and we subordinate to OCAI all liens and/or emcumbrances (statutory and/or otherwise) which we may acquire and/or assert against the Property; that OCAI may in our name endorse any notes and/or any other obligations given in connection with the contract and all remittances received; and we give express permission to OCAI to release, by operation of law or otherwise, and/or compromise or adjust any and all rights against and grant extensions of time of payment to Obligor or any other persons obligated on the contract and/or notes, and to substitute debtors, without notice to us and without affecting our obligations hereunder. The warranties, representations and agreements contained in the most recent agreement, if any, between us and OCAI applicable to the purchase of paper (as defined therein) are incorporated herein by reference and are deemed repeated by us to induce OCAI to accept this assignment. In the event that OCAI shall grant a refund or credit of all or a portion of the charges included in the unpaid time balance of the contract because of prepayment, in whole or in part, acceleration or otherwise, we will, immediately upon OCAI's request, pay to OCAI, in good funds, a portion of any monies realized, held for and/or received by us in connection with the holding, owning, brokering, assigning, and/or discounting of the contact. The amount payable under the preceding sentence shall be determined by OCAI in accordance with OCAI's usual procedures and will be such amount as will enable OCAI to receive, with respect to the contract, such rate of return as OCAI would have received had the contract been paid in full accordance with its terms. We hereby waive notice of acceptance hereof, presentment of payment, demand, notice of protest and dishonor, notice of default or non-payment and notices of every kind and nature with respect to the contract and any notes and/or any other obligations given in connection therewith. We knowingly, voluntarily and intentionally waive any and all right to a trial by jury of any and all claims, defenses, counterclaims, cross-claims, set-off or recoupment claims arising either directly or indirectly in connection with, out of, or in any way related to this Assignment or the Contract Note and we further waive any and all right to claim or recover any punitive or consequential damages or any damages other than or in addition to actual damages.

We represent and warrant that as at the day of the execution hereof (1) we know of nothing which (a) would make the contract less valuable or (b) if disclosed to OCAI, would adversely affect OCAI's decision to acquire the contract; and (2) the unpaid balance of the contract assigned hereby is $ _____ 184,050.00 _____ .

IN WITNESS WHEREOF, we have hereunto set our hand and seal this _____ 22 _____ day of _____ June _____ , 19 99 _____ .

Tractor & Equipment Company _____ (Seal)
(Seller/Lessor/Mortgagee)

By: _____ [signature] _____

Sr. V.P.

(If corporation, print or type exact corporate name, have authorized officer sign, stating his title, and attach corporate seal. If partnership, print or type exact firm name and have one or more partners sign.)

ASS(95).WOR

