IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 28 P 3:07
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**ORIX FINANCIAL SERVICES, INC., a New York corporation,**

**Plaintiff,**

**V.**

**EARNEST CHAPMAN, an individual,**

**Defendant.**

**CASE NO. CV-05-** 2:05CV1233-C

**STATE OF GEORGIA**

**COUNTY OF COBB**

**AFFIDAVIT OF YVONNE KALPAKOFF**

BEFORE ME, the undersigned notary public, personally appeared Yvonne Kalpakoff, who, after being duly sworn and placed under oath, says as follows:

1. My name is Yvonne Kalpakoff. I am a resident of Cobb County, Georgia and am employed by Orix Financial Services, Inc. I presently hold the title of Senior Vice President. In my capacity as Senior Vice President, I have access to the books and records of Orix Financial Services, Inc., and know how they are kept. Furthermore, I have personal knowledge that the books and records of Orix Financial Services, Inc., are kept in the regular course of business and that it is the regular practice of Orix Financial Services, Inc., to record transactions in its books and records at or about the time of their occurrence.

2. I am giving this affidavit in support of a complaint and motion for prejudgment seizure.

3. Defendant Earnest Chapman signed a document entitled security agreement/conditional sales contract note June 22, 1999, with Tractor & Equipment Company and said document was assigned to ORIX June 22, 1999. ORIX perfected its security interest with a financing statement filed with the Office of the Alabama Secretary of State. A copy of these documents are attached to the complaint.

4. Under the above-referenced conditional sales agreement/contract and security agreement, ORIX holds a valid and perfected security interest in the following equipment (collectively "Equipment"):

| **LOAN #** | **Collateral** |
|---|---|
| 500-10655 | One (1) Komatsu D65E-12 Dozer, S/N J10101 |

Additional details with respect to this contract/agreement and the Equipment, also the documents evidencing same, are set out in full in the complaint of Orix Financial Services, Inc.

5. The account of Earnest Chapman under the above referenced agreements is now in default and has been in default, as to payment and terms and conditions of the agreement, for approximately thirty-six months. According to the records of Orix Financial Services, Inc., Earnest Chapman owes the amount of $185,000.00. In addition, Earnest Chapman owes interest, charges and expenses, and reasonable attorney fees incident to collection activities.

6. Demand has been made to Earnest Chapman for possession of the Equipment.

7. During an attempt to lawfully repossess the Equipment, an agent of Orix Financial Services, Inc., was threatened by Earnest Chapman with a knife and represented that he would either hide or destroy the equipment and that ORIX would never see the equipment again. A copy of the statement of Larry Bosley and an incident report is attached hereto as **Exhibit "A"**.

8. There is an imminent and significant risk of wear, possible intentional damage/ destruction requiring immediate possession. This equipment is readily moveable and can be easily sold and transferred to other locations.

9. Finally, it is the belief of Orix Financial Services, Inc., that the above collateral may no longer be insured.

Respectfully submitted December ____, 2005

By: ______________________
Yvonne Kalpakoff

______________________
Orix Financial Services, Inc.,

SWORN TO AND SUBSCRIBED before me, this 22ND day of DECEMBER 2005.

______________________
NOTARY PUBLIC

(SEAL)

My commission expires: ______________

Notary Public, Cobb County, Georgia
My Commission Expires August 24, 2008

PREPARED BY:

Memory Day & Azar
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com