IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ORIX FINANCIAL SERVICES, INC.,** a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>**EARNEST CHAPMAN, an individual,**<br><br>Defendant. | CASE NO. 05-CV-01233-MEF |

## ORDER ON PREJUDGMENT SEIZURE

This matter is before the Court on the complaint of Orix Financial Services, Inc., and the motion of Orix Financial Services, Inc., for prejudgment seizure, Fed. R. Civ. P. Rule 64.

The motion for prejudgment seizure, Rule 64, Fed. R. Civ. P., was set for hearing on the 18th day of January 2006, at 3:00 PM, United States District Court for the Middle District of Alabama, Northern Division, Montgomery, Alabama. At the designated time, the Plaintiff appeared by counsel and its witness, Larry Bosley.

Counsel for the Plaintiff represented that the parties reached an agreement, but counsel for the Defendant, Harry Long, had not approved a revised order. Therefore, Mr. Memory made a proffer and this order has been prepared and directed to the Court by Mr. Memory.

Based upon the pleadings and proffer of Mr. Memory, it is the finding of the Court that ORIX Financial Services, Inc., the Plaintiff, has a good and valid security interest that has been perfected in the following equipment:

**One (1) Komatsu D65E-12 Dozer, S/N J10101 (the "Equipment")**

Also, it is the finding of the Court that Earnest Chapman is duly obligated to pay a debt to the Plaintiff that is secured by the equipment and that the installment payments have not been timely paid and therefore, the debt to the Plaintiff is in default.

Further, it was represented, *inter alia*, that the Equipment is currently located on unimproved timberland owned by Sustainable Forrest, L.L.C., and leased (timber deed) to Rock Springs Land and Timber, Inc., for the purpose of harvesting timber. The Defendant contracted through Rock Springs Timber, Inc. It was further represented that logs and other debris has been piled to limit access to the equipment and that the Equipment was, or had been, disabled so that it cannot be readily moved.

Finally, it is the finding of this Court that the Plaintiff in its affidavit and in the proffer, properly proved that the Equipment is being wrongfully detained and has been concealed by the Defendant. Also, the Equipment has either been disabled or repairs are immediately required to recover the Equipment to prevent theft, vandalism, and other damage.

It is ORDERED that the Plaintiff shall obtain permission from Sustainable Forrest, L.L.C., or Rock Springs Land and Timber, Inc., to access its roads and lands from the public right-of-way to where the Equipment is located, for the sole purpose of repossessing and picking up the Equipment.

It is ORDERED that the Plaintiff, with permission of the land owner or licensee, is authorized to move the debris to gain access to the Equipment and shall have the opportunity to repair the equipment so that it can be recovered and moved to a location selected by the Plaintiff.

It is ORDERED that the Defendant shall not interrupt, or interfere, with the Plaintiff repossessing or gaining possession of the Equipment. Moreover, the Defendant is prohibited from being present or nearby when the Equipment is repossessed.

It is further ORDERED that the Plaintiff shall not be required to post bond incident to this prejudgment seizure.

This action on prejudgment seizure shall not be construed as a final judgment on the Plaintiff's complaint or subsequent pleadings and this matter shall go forward and be set for trial on the remaining issues thereof. However, the Plaintiff shall report a sale and give a credit to the Defendant when the referenced equipment has been sold.

DONE and ORDERED at Montgomery, Alabama the 18th day of January 2006.

United States District Judge