**IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ORIX FINANCIAL SERVICES, INC.**, a New York corporation,<br><br>     Plaintiff,<br><br>V.<br><br>**EARNEST CHAPMAN**, an individual,<br><br>     Defendant. | Case No. 05-CV-01233-MEF |

**MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, Orix Financial Services, Inc., hereinafter referred to as ("ORIX "), in the above referenced matter by and through its attorneys, and respectfully requests this Honorable Court for summary judgment to be entered in the above referenced matter in favor of the Plaintiff against the Defendant. The Plaintiff offers the following in support thereof:

**STATEMENT OF THE FACTS**

The complaint in this case contains five counts wherein Plaintiff alleges the Defendant breached the terms of a promissory note, commercial security agreement, and other contractual obligations made with ORIX. The instant counts pertain to a loan transaction made with ORIX, wherein ORIX claims that Defendant, Earnest Chapman, defaulted by failing to make payments in accordance with the terms of the loan documents and has failed and refused to pay the balance which remains past due on the note. Further, the Defendant, after demand, failed or refused to surrender the collateral securing the promissory note.

A brief summary, description, and history of the loan transaction is as follows:

1. **ORIX NOTE # 500-10655**. (Count I of the complaint, Breach of Contract)

This promissory note was signed, June 22, 1999, with Tractor & Equipment Company and said document was assigned to ORIX June 22, 1999. A copy of the original promissory note was attached to the complaint in this matter. The obligor of the promissory note was Earnest Chapman. Over the course of time through payments, there remains an unpaid balance as follows:

| | |
|---|---:|
| a. Unpaid principal balance (May 11, 2006) | $120,296.39 |
| b. 15% attorney fees | $18,044.46 |
| c. Court costs | $150.00 |
| TOTAL DUE | $138,490.85 |

2. **COMMERCIAL SECURITY AGREEMENT, ORIX NOTE 500-10655.** (Counts II, III, IV, V) of the complaint, possession of secured collateral, conversion, damages for use and retention, unjust enrichment.

    a. One (1) Komatsu D65E-12 Dozer, S/N J10101

    b. Perfection of Collateral – UCC -1 filed with the State of Alabama, Secretary of State, December 5, 2001.

    c. The above-referenced collateral was repossessed pursuant to an order of this Court, January 19, 2006

### STANDARD OF REVIEW

Summary judgment practice is controlled by Rule 56 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law," Fed. R. Civ. P. Rule 56(c). A party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact". Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, at 322. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, 'designate specific facts showing that there is a genuine issue for trial'". Id. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324 (emphasis added). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", Id. at 322.

After the defendants have properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party

is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party", Id. at 248. "(T)he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial," Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law", Id. at 251-252; see also, Bill Johnson's Restaurants Inc. v. N.L.R.B., 461 U.S. 731, 745 n. 11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts", Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted, Anderson, 477 U.S. at 249 (citations omitted); accord Silence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff, Anderson, 477 U. S. at 254; Cottle v. Storer Comm., Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor, Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference, Brown v. City of Clewiston, 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988).

**ARGUMENT**

This action brought by ORIX against the Defendant is a suit to collect on an outstanding balance on a promissory note and recover personal property incident to a commercial security agreement. Incident to a prejudgment seizure action, the Plaintiff has since recovered the equipment securing the promissory note.

Upon nonpayment of the monthly payments set forth in the note, Plaintiff repeatedly sought payment of the debt from Defendant, pursuant to the terms of the commercial guaranty agreement. The Plaintiff requests this Honorable Court to grant summary judgment on the grounds of breach of contract by Defendant and for damages associated with the conversion and wrongful possession of the secured collateral. The note and security agreement further provided that Defendant shall pay to Plaintiff all costs and expenses of collection or enforcement and, including attorneys' fees, incurred by Plaintiff in connection with the enforcement and collection of the note and security agreement.

Under Alabama law, the case of Griffin v. American Bank, 628 So.2d 540 (Ala. 1993) clearly holds that a bank is entitled to recover from a borrower on a promissory note when the bank submits copies of the promissory notes and an affidavit as to the balances due and the Defendant makes no defense. There is no claim of *non est factum* plead by the Defendant in this case as to the signatures on the contracts which are the subject of this action. The facts are undisputed that the Defendant did, in fact, execute the documents and is obligated under the terms of the loan documents that are attached to the complaint. Hence, SouthTrust Bank has made a prima facie case. The case of Richardson v. Gramling, 124 So. 302, 220 Ala. 137 clearly holds that a bank is entitled to recovery under such circumstances. Hence, as ruled in the case of Satterfield v. Decker, 437 So.2d 506 (Ala. 1983), in an action such as this based on the execution

of promissory notes, evidence that the makers/Defendants executed the note (admitted without dispute) and that the lender, Plaintiff herein, issued a check for the loan proceeds was sufficient to support a finding that the makers/Defendants were liable under the terms of the note.

The Supreme Court of Alabama has held that if "facts exist which would negate that liability or if the facts are untrue, the burden of presenting evidence to that effect" is on the Defendant, Morris v. Morris, 366 So.2d 676 (Ala.1978). In the case at bar, the Defendant has not satisfied that burden created by the Supreme Court of Alabama. There has been no documentation provided by the Defendant that would dispute that these debts were incurred on Earnest Chapman's behalf and that the balance on the account has been paid in full, thereby negating the contentions of ORIX. Plaintiff requests this Court grant the Motion for Summary Judgment due to the fact that no genuine issue of material fact has been created in this suit by the Defendant.

In summary, there is no dispute that Defendant Earnest Chapman executed the promissory note and other loan documents which constitute the debt instruments between Plaintiff and Defendant in this case. The Defendant has not plead any special or affirmative defenses. The Defendant has not plead the signatures are not genuine or any special plea of *non est factum*. Plaintiff has submitted credible affidavit testimony as to the balance due under the contract in itemized form and these figures have not been disputed by the Defendants. In the case of Donovan v. Griffin, 261 So.2d 736, 288 Ala. 412 (Ala. 1972), the Supreme Court of Alabama ruled that the Plaintiff in an action on a note had the burden of proof as to each allegation of the complaint but the burden of proof on any special pleas filed by the Defendant setting up payment, statute of limitations, material alteration or anything of that nature was on the Defendant. ORIX has met its burden of proof in establishing credible testimony and evidence as

to each and every allegation of its complaint. The Defendant has not set up any special pleas or defenses in his answer. Since ORIX has met its burden of proof under law, the burden now shifts to the Defendant to prove by credible evidence that there is a factual dispute as to some element of this case. Since Plaintiff believes that they are unable to do so, Plaintiff urges this court to grant summary judgment in Plaintiff's favor as to all amounts due under the complaint.

Finally, the Courts in Alabama also look to affidavits and supporting documentation attached to the Motion for Summary Judgment for proof of the outstanding balance involved in the suit. The Supreme Court of Alabama stated, "uncontradicted facts alleged in the pleadings, affidavits, and exhibits are taken as true", Hudson-Thompson, Inc. v. Leslie C. King Company, Inc., 361 So.2d 541 (Ala.1978). In the case at bar, Plaintiff has submitted documentation that forms the transactions and clearly state the terms of the contracts. The supporting documents attached hereto establish the debts that were incurred by the Defendant, as well as state the amount currently outstanding. These documents are uncontradicted and should be held as true by this Honorable Court based on Alabama case law. In addition, the Plaintiff has submitted an affidavit of Yvonne Kalpakoff, Senior Vice President, verifying the amount currently due and payable on this account.

**CONCLUSION**

The Defendant executed a promissory note with ORIX, and has defaulted under the terms of those loan documents. Substantial sums as itemized above are still due under the loans. Plaintiff is entitled to immediate summary judgment against the Defendant in the collective sum of $138,490.85, which is the remaining amount due under the promissory note, including principal, accrued interest, damages, court costs, and attorney fees. Plaintiff, ORIX Financial Services, Inc., respectfully requests the motion for summary judgment be GRANTED.

Respectfully submitted on this the 29th day of August 2006.

                    Memory & Day

            By: /S/ James L. Day
                  James L. Day
                  ASB-1256-A55J

                  Von G. Memory
                  ASB-8137-071V

                  Attorneys for Orix
                  Financial Services, Inc.

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email  vgmemory@memorylegal.com
        jlday@memorylegal.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date served a copy of the foregoing document on the following, by:

     ☒ placing same in the United States Mail, postage prepaid, and properly addressed

     ☐ facsimile

     ☐ hand delivery

     ☐ delivered in open court

on August 29, 2006.

Harry Long, Esq.
P. O. Box 1468
Anniston, AL  36202-0000

                    /S/ James L. Day